UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

AMEL DALLUGE,

                Petitioner,

v.

MONROE CORRECTIONAL COMPLEX,

                Respondent.

Case No. 2:21-cv-1503-JCC-TLF

REPORT AND RECOMMENDATION

Noted for January 28, 2022

Petitioner, Amel Dalluge, proceeds *pro se* in this federal habeas action brought pursuant to 28 U.S.C. § 2254 and filed on November 4, 2021. Dkt. 1. After reviewing the petition, the Court declined to serve the petition, but gave petitioner an opportunity to show cause why this case should not be dismissed. Dkt. 5. Petitioner was ordered to show cause on or before December 22, 2021. Dkt. 5. Petitioner filed a response to the Court's order. Dkt. 6. For the reasons discussed below, the petition should be dismissed.

## BACKGROUND

Plaintiff brought this petition alleging that since his birth he has been forced to be an American citizen which has caused him to be subject to laws he disagrees with. Dkt. 1 at 4. Petitioner alleges that as a result he is being harmed, tortured, lied to, and intimidated. Dkt. 1 at 4. The petition did not identify any grounds for the Court to review regarding whether the fact or duration of his custody is unconstitutional.

The Court issued an Order informing petitioner of the deficiencies in his petition and directing petitioner to file an amended petition correcting the deficiencies or to show cause why the petition should not be dismissed. Dkt. 5. Petitioner has filed a response to the Court's Order to Show Cause. Dkt. 6. Petitioner's response states that he is seeking "emancipation." Dkt. 6 at 1. Petitioner appears to be requesting that the Court issue an order declaring that petitioner is no longer a United States citizen. Dkt. 6 at 1-2.

DISCUSSION

Pursuant to the Fourteenth Amendment of the United States Constitution, "[a]ll persons born or naturalized in the United States … are citizens of the United States." U.S. Const. Amend XIV. This Amendment defines citizenship as something that a citizen keeps unless they voluntarily relinquish it. *Afoyim v. Rusk*, 387 U.S. 253, 262 (1967). "Once acquired, this Fourteenth Amendment citizenship [is] not to be shifted, canceled, or diluted at the will of the Federal Government, the States, or any other governmental unit." *Id.* A citizen may only renounce their citizenship by voluntarily performing an expatriating act with an intent to renounce and forfeit their United States citizenship. *Richards v. Secretary of State, Dep't of State*, 752 F.2d 1413, 1420 (1985).

A habeas petition is the means by which a prisoner may "seek to invalidate the duration of their confinement – either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody." *Wilkinson v. Dotson,* 544 U.S. 74, 81 (2005) (emphasis in original). Subject matter jurisdiction for a habeas petition is limited to prisoners in custody challenging their custody or judgment and sentence. *Brock v. Weston*, 31 F.3d 887, 889 (9th Cir. 1994); 28 U.S.C. § 2254(a).

REPORT AND RECOMMENDATION - 2

Petitioner's response indicates that petitioner is not challenging a current conviction or custody and instead requests an order to emancipate plaintiff from his United States citizenship. A habeas corpus petition is not the legal process for renouncing citizenship. Accordingly, because petitioner expressly states that he is not challenging his current conviction or custody, the Court lacks subject matter jurisdiction over petitioner's habeas petition.

## CONCLUSION

Based on the foregoing, the Court should dismiss petitioner's habeas petition with prejudice for lack of subject matter jurisdiction.

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under the above standard, this Court should **deny a certificate of appealability.**

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Federal Rule of Civil Procedure (FRCP) 72(b); *see also* FRCP 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140

1  (1985). Accommodating the above time limit, the Clerk shall set this matter for

2  consideration January 28, 2022, as noted in the caption.

3        Dated this 12th day of January, 2022.

*Theresa L. Fricke*

Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4